932 F.2d 963
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
W.T. ROWELL, Frances Rowell, Plaintiffs-Appellants,
v.
GENERAL ELECTRIC CREDIT CORP., Security Pacific Housing
Services, Incorporated, Defendants-Appellees.
 No. 90-2716.
 United States Court of Appeals, Fourth Circuit.
 Submitted April 3, 1991.
Decided May 14, 1991.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Elizabeth City. Terrence W. Boyle, District Judge. (CA-89-72-2-CIV-BO)
 W.T. Rowell, and Frances Rowell, appellants pro se.
 Philip Alan Glass, Raleigh, N.C., for appellees.
 E.D.N.C.
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED.
 Before WIDENER, MURNAGHAN and SPROUSE, Circuit Judges.
 PER CURIAM:
 
 
 1
 W.T. Rowell and Frances Rowell appeal from the district court's order dismissing their complaint for failure to state a cause of action on which relief can be granted and assessing sanctions under Fed.R.Civ.P. 11. The Rowells also appeal the district court's denial of their motion for reconsideration. Our review of the record and the district court's opinion dismissing the complaint and denying the motion for reconsideration discloses that this appeal is without merit. Accordingly, we affirm those decisions on the reasoning of the district court. Rowell v. General Electric Credit Corp., CA-89-72-2-CIV-BO (E.D.N.C. July 30, 1990). The district court assessed Rule 11 sanctions against the Rowells in the amount of $3,000 for what it found to be a "pattern of evasiveness and dilatory tactics" and because it found that the filing of their complaint was "motivated by malice." Although we agree with the district court's findings which led to the imposition of sanctions, we must vacate this portion of the order and remand so that the district court may enunciate its reasons for the amount of the award.
 
 
 2
 "When a monetary award is issued, a district court should explain the basis for the sanction so a reviewing court may have a basis to determine whether the chosen sanction is appropriate." In Re Kunstler, 914 F.2d 505 (4th Cir.1990). Under Kunstler, the district court should consider four factors in determining the amount of a Rule 11 sanction: (1) the reasonableness of the opposing party's attorney's fees; (2) the minimum to deter; (3) the ability to pay; and (4) factors relating to the severity of the Rule 11 violation. Id. at 523. Here, the motion for sanctions requests "reasonable expenses incurred, including reasonable attorney's fees arising out of this action and such other and further relief" as the court deemed "just and proper." There is no statement of attorney's fees accompanying the motion and nothing in the record to indicate how the district court arrived at the $3,000 figure. Therefore, we vacate the order assessing sanctions under Fed.R.Civ.P. 11 and remand so that the district court may consider the factors provided in Kunstler. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 3
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED.